IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

JOSEPH RUBEN CLENDENING                                                                                PLAINTIFF

v.                              Civil No. 3:21-cv-03079

JAILER JORDON R. WRIGHT,
Boone County Detention Center                                                                          DEFENDANT

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, Joseph R. Clendening, was an inmate of the Boone County Detention Center ("BCDC"), when he filed this civil rights action under 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis* ("IFP"). Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making this Report and Recommendation. The case is before the Court on the Plaintiff's failure to obey the Orders of the Court.

### I.   DISCUSSION

On May 18, 2022, Plaintiff advised the Court that he was no longer incarcerated and provided his home address. In accordance with the Court's regular practice, an Order (ECF No. 17) was entered requiring Plaintiff to submit a new application to proceed IFP reflecting his free-world financial status. The new IFP application was due to the Court on June 9, 2022. On June 1, 2022, the application form which had been sent to the detention center was returned as undeliverable and resent to the home address.

On June 13, 2022, a Show Cause Order (ECF No. 21) was entered regarding Plaintiff's

1

failure to submit the IFP application. Plaintiff was advised that if he failed to respond to the Show Cause Order his case would be dismissed. Plaintiff's response was due by July 5, 2022. Plaintiff has not filed the IFP application or responded to the Show Cause Order. No further mail has been returned as undeliverable. Plaintiff has not sought an extension of time to respond or otherwise communicated with the Court.

The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the ground that the plaintiff failed to prosecute or failed to comply with an order of the court. Fed. R. Civ. P. 41(b); *Line v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added). Additionally, Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas requires parties appearing *pro se* to monitor the case, and to prosecute or defend the action diligently.

## II.   CONCLUSION

For these reasons, it is recommended that, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, the Plaintiff's Complaint (ECF No. 1) be **DISMISSED WITHOUT PREJUDICE** based on Plaintiff's failure to prosecute this case, his failure to obey the orders of the Court, and his failure to comply with Local Rule 5.5(c)(2).

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by**

**the district court.**

DATED this 19th day of July 2022.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE